UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL MAGGIORE,

                 Plaintiff,

          -against-

SIMSMETAL EAST LLC,

                 Defendant.

**OPINION AND ORDER**

14 Civ. 2897 (ER)

Ramos, D.J.:

Michael Maggiore ("Plaintiff") brings this action against Simsmetal East LLC ("Sims East" or "Defendant"), alleging that Sims East is responsible for injuries sustained by Plaintiff while working at a metal recycling yard owned and managed by Sims East.  Doc. 1.  Before the Court is Defendant's motion for summary judgment, and in the alternative, to stay the proceedings.  For the reasons stated herein, Defendant's motion for summary judgment is DENIED, and Defendant's motion to stay is GRANTED.

## I.    BACKGROUND

### A. The New Jersey Workers' Compensation Act[1]

Under the New Jersey Workers' Compensation Act ("WCA"), once an employment contract is created, and an employee-employer relationship is established,

> [s]uch agreement shall be a surrender by the parties thereto of their
> rights to any other method, form or amount of compensation or
> determination thereof than as provided in [the WCA] and an
> acceptance of all the provisions of [the WCA], and shall bind the

---

[1] Plaintiff is a citizen of New Jersey and Defendant is a Delaware limited liability company with its principal place of business in New York.  The underlying injury occurred in New Jersey.  Therefore, under New York's choice of law rules, which govern in this diversity action, the applicable law is that of New Jersey.  *Thomas v. Stone Container Corp.*, No. 95 Civ. 5726 (LAK), 1996 WL 79325, at *1 (S.D.N.Y. Feb. 23, 1996).

> employee and for compensation for the employee's death shall
> bind the employee's personal representatives.

N.J.S.A. 34:15-8.

The WCA thus provides that workers' compensation is the exclusive remedy for employees who sustain work-related injuries. *Wunschel v. City of Jersey City*, 96 N.J. 651, 659 (1984). As a result, "although 'the employer assumes an absolute liability[,] [h]e gains immunity from common-law suit, even though he be negligent, and is left with a limited and determined liability in all cases of work-connected injury.'" *Whitfield v. Bonanno Real Estate Grp.*, 419 N.J. Super. 547, 553 (App. Div. 2011) (alterations in original) (quoting *Dudley v. Victor Lynn Lines, Inc.*, 32 N.J. 479, 489 (1960)).

"New Jersey courts have made it clear that an employee may have several employers for WCA purposes, any one of which may be held liable for workers' compensation benefits when that employee is injured." *Marino v. Industrial Crafting Co.*, 358 F.3d 241, 244 (3d Cir. 2004) (quoting *Blessing v. T. Shriver & Co.*, 228 A.2d 711, 713 (App. Div. 1967)). The result of this broad definition is that the acceptance of workers' compensation benefits from one employer will preclude a common law tort action brought by the employee against another employer. *Id.*

### B. Exclusive and Primary Jurisdiction

The New Jersey Workers' Compensation Division (the "Division") has "exclusive original jurisdiction of all claims for workers' compensation benefits under [the WCA]." N.J.S.A. 34:15–49(a). The New Jersey Supreme Court has held that courts "should be steadfast in their readiness to resist the assertion of jurisdiction in cases where it is evident the matter should be tried elsewhere." *See Estate of Kotsovska ex rel. Kotsovska v. Liebman*, 221 N.J. 568, 587 (2015) (internal citation and quotation marks omitted).

Under New Jersey law, "[t]he doctrine of primary jurisdiction is applicable when a case is properly filed in the Superior Court but the court declines original jurisdiction, referring specific issues to the appropriate administrative body." *Magic Petroleum Corp. v. Exxon Mobil Corp.,* 218 N.J. 390, 405 (2014). Thus, "when enforcement of a claim requires resolution of an issue within the special competence of an administrative agency, a court may defer to a decision of that agency." *Campione v. Adamar, Inc.*, 155 N.J. 245, 263-64 (1998).

"The decision to invoke the doctrine of primary jurisdiction rests within the sound discretion of the [trial] court." *Nordstrom v. Lyon*, 424 N.J. Super. 80, 99 (App. Div. 2012). "Although no formula exists to evaluate the applicability of primary jurisdiction," New Jersey courts have been guided by the following factors:

> 1) whether the matter at issue is within the conventional experience of judges; 2) whether the matter is peculiarly within the agency's discretion, or requires agency expertise; 3) whether inconsistent rulings might pose a danger of disrupting the statutory scheme; and 4) whether prior application has been made to the agency.

*Magic Petroleum Corp.*, 218 N.J. at 407 (internal citation omitted).

## C. Factual Background

Plaintiff alleges that on August 17, 2012, he was struck by a railcar while working on the premises of Defendant Sims East, causing him to sustain serious personal injuries. Complaint ("Compl."), Doc. 2, ¶ 26. Plaintiff claims that Sims East, an entity engaged in the business of metal recycling, was negligent in the operation, management, control, inspection, and supervision of the New Jersey facility where Plaintiff was injured. *Id.* ¶¶ 7, 23, 27.

Sims East is one of over 30 subsidiaries under the umbrella of Sims Metal Management

Limited ("Sims Limited").  *See* Def. 56.1 ¶¶ 6, 8, 9.[2]  The Sims subsidiaries purchase, process,

and sell metal recyclables.  *Id.* ¶ 6.  Sims Limited is the parent of Sims Group USA Holdings

Corporation ("Sims USA"), which is the sole member of Sims East.  *Id.* ¶¶ 8-9

Although injured while working on the grounds of Sims East, Plaintiff contends that Sims

USA was his sole employer at the time of the accident.  Compl. ¶ 23; Plaintiff's Memorandum of

Law ("Pl. Opp."), Doc. 29, at 3.  Plaintiff alleges that Sims USA hired him as a Management

Trainee, and assigned him to a rotation at Sims East to learn about railcar movements.  Pl. 56.1

Resp. ¶ 16; Pl. Opp. at 8.[3]  According to Plaintiff, Sims East was just one of several Sims

subsidiaries where he completed rotations in furtherance of his corporate management training

for Sims USA.  Pl. 56.1 Resp. ¶ 17; Pl. Opp. 7-8.

Following his injury, Plaintiff began receiving workers' compensation benefits under a

policy of insurance issued to Sims USA.  Def. 56.1 ¶ 56; Ex. Q ("Stewart Dep.") at 47:14-49:5.[4]

The policy names all United States Sims subsidiaries, including Sims East, as insureds.  *See*

Stewart Dep. 42:2-43:5.  Workers' compensation claims for Sims USA subsidiaries are

administered by a sister corporation of Sims USA, called Sims Metal Management Inc. ("Metal

Management").  Def. 56.1 ¶¶ 14-15.  Metal Management has a contract with an independent

insurance adjustment service called Sedgwick Claims Management Services, Inc. ("Sedgwick"),

which reviews and pays the medical invoices associated with any workers' compensation claims

---

[2] The notation "Def. 56.1" refers to Sims East's statement of undisputed material facts pursuant to Local Rule 56.1, Doc. 23.

[3] The notation "Pl. 56.1 Resp." refers to Plaintiff's response to Sims East's statement of undisputed material facts pursuant to Local Rule 56.1, Doc. 30.

[4] "Ex." notations are in reference to exhibits attached to the Affidavit of Deborah DelSordo in Support of Defendant's Motion for Summary Judgment, Doc. 24.

for Sims employees.  *Id.* ¶¶ 15, 58.  Metal Management then writes a check to reimburse Sedgwick, and allocates the cost of the payment to the line of credit of the Sims entity held liable for the claim.  Stewart Dep. at 19:4-20:7.

Brent Stewart ("Stewart"), the Group Director of Treasury and Risk Management at Metal Management, explains that each Sims USA subsidiary has a line of credit with a central treasury maintained by Metal Management.  *Id.* at 8:22-8:24, 26:3-27:13.  At the end of the month the subsidiary either owes money to the treasury or receives money, based on the cash flows reflected on their line of credit.  *See id.*  Thus, according to Stewart, when a claim is "allocated" to a subsidiary, it is "as though [that subsidiary] wrote the check themselves to pay for that claim."  *Id.* at 26:12-26:13.

In this case, Metal Management filed a workers' compensation claim on Plaintiff's behalf, and listed Sims East as Plaintiff's employer.  *See* Ex. J (Workers Compensation – First Report of Injury or Illness).  The workers' compensation policy providing Plaintiff with coverage has a deductible of $500,000.  Def. 56.1 ¶ 61.  That deductible was fully paid by Metal Management, and in turn, allocated to Sims East's line of credit as a liability.  Def. 56.1 ¶ 62; Stewart Dep. at 55:2-55:13.

On April 23, 2014, Plaintiff filed this action for negligence against Sims East.  Doc. 2. On November 4, 2015, Defendant moved for summary judgment on the ground that Sims East was Plaintiff's employer, and therefore Plaintiff's exclusive remedy was workers' compensation pursuant to the WCA.  *See* Doc. 21.  Defendant argues that Sims East was, at the very least, a "special employer" or "joint employer" of Plaintiff under New Jersey law.  In the alternative, Defendant asserts that the New Jersey Workers' Compensation Division has exclusive

jurisdiction over the question of who Plaintiff's employer was, and therefore the Court should stay this action pending a determination by the Division.

## II.    DISCUSSION

Defendant broadly claims that "New Jersey recognize[s] that the workers compensation board has exclusive jurisdiction over factual issues involving employment."  Defendant's Memorandum of Law ("Def. Memo."), Doc. 22, at 3.  There is no doubt, that at least with regard to questions of compensability, jurisdiction is reserved for the Division.  *Kristiansen v. Morgan*, 153 N.J. 298, 314 (1998).  Thus factual disputes as to whether an employee's injury arose in the course of his or her employment are properly referred to the Division.

However, as Plaintiff points out, New Jersey trial courts have concurrent jurisdiction over certain employment issues.  For example, in *Estate of Kotsovska ex rel. Kotsovska v. Liebman*, the New Jersey Supreme Court found that a trial court did not abuse its discretion in finding that it had jurisdiction to decide whether a plaintiff in a wrongful death action was an "independent contractor" entitled to bring suit or an "employee" barred from bringing suit under the WCA's exclusion provision.  221 N.J. 568 (2015).  Pertinent here, New Jersey courts regularly decide whether the defendant in a wrongful death or negligence action was a special or joint employer of the plaintiff, and thus immune from suit.  *See, e.g.*, *Volb v. G.E. Capital Corp.*, 139 N.J. 110 (1995); *Walrond v. Cnty. of Somerset*, 382 N.J. Super. 227 (App. Div. 2006); *Kelly v. Geriatric & Med. Centers, Inc.*, 287 N.J. Super. 567 (App. Div. 1996), *aff'd*, 147 N.J. 42 (1996); *Blessing v. T Shriver and Co.*, 94 N.J. Super. 426 (App. Div. 1967).  Nonetheless, in weighing the factors concerning primary jurisdiction, the Court finds that the circumstances of this case counsel against this Court retaining jurisdiction over the present dispute.

The record makes clear that Sims East has already incurred the cost of Plaintiff's workers' compensation benefits.[5]  Therefore, in claiming that Sims East was not Plaintiff's employer, Plaintiff is also calling into question whether Sims East should have been held responsible for Plaintiff's workers' compensation.  Although New Jersey courts have resolved disputes over a defendant's employer status, Plaintiff has not cited, nor has the Court found, a case where the trial court made such a determination in circumstances like these.  Rather, in the cases cited by Plaintiff, it is undisputed that the entity held responsible for the plaintiff's workers' compensation was the plaintiff's general employer.  Consequently, the trial court's decision as to whether the defendants in the action were special or joint employers merely informed whether the defendants were immune from suit – it in no way touched upon the plaintiff's workers' compensation claim.

In contrast, in deciding whether Sims East was a special or joint employer of Plaintiff, the Court must inevitably comment on whether Sims East should have been held responsible for Plaintiff's workers' compensation pursuant to the WCA.  As noted above, the Division has "exclusive original jurisdiction of all claims, for workers' compensation benefits under [the WCA]." N.J.S.A. 34:15–49(a).  Because the Court finds that the question presented here is closely, if not directly, related to Plaintiff's workers compensation claim, the Court concludes that it is appropriately within the Division's discretion to decide.

The Court further notes that to pass judgment on Sims East's employer status could result in inconsistent rulings, which "might pose a danger of disrupting the statutory scheme." *Magic Petroleum Corp.*, 218 N.J. at 407.  Were the Court to determine that Sims USA, rather than Sims

---

[5] Plaintiff claims that there is no evidence that Sims East has actually paid for the deductible covering Plaintiff's workers' compensation benefits.  However, the fact that such a debt has indisputably been allocated to Sims East's line of credit is sufficient for this Court to find that Sims East has been held liable for Plaintiff's benefits.

East, was Plaintiff's employer, Sims East would likely dispute its liability for the deductible covering Plaintiff's workers' compensation claim.  And if Sims USA refused to voluntarily assume responsibility for the deductible's cost, such a dispute would have to be taken up with the Division.[6]  The Court finds it prudent to avoid passing judgment on a matter that the Division may subsequently be forced to decide itself, creating the potential for inconsistent rulings.  *See Wunschel*, 96 N.J. at 663 ("Avoiding inconsistent results and duplication of litigation is an aim of our law.") (citation omitted).  Indeed, were the Court to find that Sims East was not Plaintiff's employer, but the Division subsequently found that he was, Plaintiff could obtain a double recovery – a result that would certainly disrupt the statutory scheme of the WCA.

For these reasons, the Court finds that primary jurisdiction over the parties' dispute rests with the Division.  *See Thomas v. Stone Container Corp.*, No. 95 Civ. 5726 (LAK), 1996 WL 79325, at *1 (S.D.N.Y. Feb. 23, 1996) (referring to Virginia Workers' Compensation Commission the question of whether the defendant in a negligence action was the plaintiff's statutory employer, because the plaintiff had already filed a workers compensation claim against the defendant).

### III.    CONCLUSION

For the foregoing reasons, Defendant's motion to stay this action is GRANTED, and Defendant's motion for summary judgment is DENIED, with leave to renew upon a determination by the Division as to whether Sims East was Plaintiff's employer at the time of the

---

[6] The record indicates that it is indeed possible that the cost of the deductible would not be voluntarily reallocated to the proper entity.  Upon being asked, "Once [Metal Management] allocates a workers' comp claim to one of the other entities, is it ever changed or reversed after that?" Stewart responded, "No.  Not that I'm aware of."  Stewart Dep. 76:6-76:10.

accident.  The parties are directed to inform the Court within 30 days after the Division has made

a decision.  The Clerk of the Court is respectfully directed to terminate the motion, Doc. 21.

It is SO ORDERED.


Dated:     September 30, 2016
           New York, New York


_____
Edgardo Ramos, U.S.D.J.